SUGAR WORKERS UNION, LOCAL 1660, ILA, AFL-CIO, PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 88-08-00670

(Dated August 25, 1989)

*Kelley Drye & Warren (Eugene T. D'Ablemont; Joel E. Cohen* and *Cynthia A. Epstein* with him on the brief) for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Civil Division, Commercial Litigation Branch, U.S. Department of Justice (*Velta A. Melnbrencis*) for the defendant.

## OPINION

### BACKGROUND

MUSGRAVE, *Judge:* Plaintiff, on behalf of two-hundred and twenty-five former employees of Amstar Sugar Corporation who were terminated when Amstar closed its Bunker Hill Refinery in Charlestown, Massachusetts, here challenges the Secretary of Labor's determination which denied certification of eligibility of these workers for worker adjustment assistance benefits under the Trade Act of 1974, 19 U.S.C. § 2271-2321, 2395 (1982 and Supp. IV 1986), *as amended by* the Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100-48, § 1421-30, 102 Stat. 1107, 1242-44 (1988). Amstar purchased raw sugar, refined this sugar at its Bunker Hill facility, and sold the refined product to its customers. In early 1988 Amstar closed its Bunker Hill Refinery, due, argues the plaintiff, to decreases in sales caused by its customers buying cheaper "blended sugar" and "sugar substitute" imports instead of refined sugar produced by the Bunker Hill plant. Subsequently, on 4 April 1988, plaintiff filed a petition for certification of eligibility for trade adjustment assistance with the Department of Labor, Office of Trade Adjustment Assistance ("OTAA").

After consideration of plaintiff's petitions by OTAA, the Secretary of Labor determined that the former Amstar employees were not eligible for adjustment assistance, because of OTAA's conclusion that their separation from employment was not caused by increased imports of refined sugar. OTAA reached this conclusion based on its finding that

> U.S. imports of refined cane and beet sugar [were] negligible during the most recent period available, 1986 and 1987. The ratio of imports to domestic production did not exceed one percent during that period.

Additionally, OTAA surveyed major declining customers of the Bunker Hill Refinery regarding their purchases of refined sugar for the periods January through March of 1987 and 1988, and found that import purchases of refined sugar by these customers during this period "were not important" and "did not contribute importantly to any employment declines at [the Bunker Hill Refinery]."

In challenging this negative determination by the Secretary of Labor, plaintiff asserts that the OTAA's methodology was flawed in that it focused only upon imports of refined beet and cane sugar, and ignored alleged harmful effects on the Bunker Hill operations from increased imports of high-sugar blend products and sugar substitutes, despite the fact that plaintiff raised this issue in its petition to OTAA.

During the OTAA investigation in the present matter, OTAA was notified of the existence of an ongoing investigation by the General Accounting Office ("GAO") of imports into the United States of "sugar-containing products". The final OTAA findings evidence consideration only of imports of refined sugar.

Subsequent to the conclusion of the OTAA inquiry, the GAO published the findings of its inquiry ("GAO Report"). This inquiry found substantial increases in the amounts of sugar imported into this country in high-sugar content products, a development which the GAO Report speculates to be the result of attempts by "resourceful business" to avoid the U.S. system of quotas on imports of raw and refined sugar. The report found that these increased imports may have displaced significant amounts of domestic sugar.

In light of these findings which reflect favorably on its earlier arguments to the OTAA, plaintiff moved before this Court pursuant to Rule 56.1 of the Rules of the Court of International Trade to have the findings of the Secretary of Labor vacated and the case remanded to the Secretary for a redetermination of the eligibility of the former Amstar employees for worker adjustment assistance benefits. The defendant has agreed, "[a]fter consideration of the matters raised by plaintiff," that this matter "should be remanded to the Labor Department, for further investigation and determination upon remand, based upon the results of the further investigations." *Defendant's Response To Plaintiff's Motion For Judgment Upon The Administrative Record and Request For Remand To The Department of Labor,* at 1. The disagreement between the parties at this point is over the nature of the remand order.

Plaintiff emphasizes the fact that it presented the issue of imports of sugar blends and substitutes to the Labor Department in its earlier petition for adjustment assistance, only to have the issues apparently ignored by the Department. Consequently, plaintiff desires an order which directs the Department of Labor rather specifically to investigate this issue on remand, especially in light of the publication of the GAO Report, so as to spare plaintiff the necessity and expense of filing yet another Rule 56.1 motion before this Court, should the Department in its redetermination again fail to take into account the effect of sugar blends and substitutes. Accordingly, plaintiff requests this Court to order the Department of Labor to

(i) * * * investigate whether increased imports by customers of Amstar's Bunker Hill Refinery of high-sugar content blends and sugar substitutes contributed importantly to the closing of Amstar's Bunker Hill Refinery'

\*      \*      \*      \*      \*   .   \*      \*

and to require the Department to

specifically consider the General Accounting Office's June 1988 Report entitled "Sugar Program—Issues Related to Imports of Sugar-Containing Products" when investigating the sugar-blend issue * * *

The defendant proposes a much less specific order, requiring the Department of Labor to

conduct a further investigation and make a determination upon remand concerning certification of eligibility to apply for adjustment assistance for former workers at Amstar Sugar Corporation's Bunker Hill Refinery in Charlestown, Massachusetts * * *

In responding to plaintiff's requested order, defendant argues that in order to investigate the effect upon the Bunker Hill Refinery of increased imports of sugar blends and substitutes, the Department of Labor must first determine that both of these products are "like or directly competitive with" the refined sugar produced by the Bunker Hill Refinery, in accordance with § 222(3) of the Trade Act of 1974, *as amended,* 19 U.S.C. § 2272(3) (1982 & Supp. IV 1986). The Department of Labor concedes that sugar substitutes are directly competitive with refined sugar, but maintains that the issue of whether sugar blends are directly competitive with refined sugar has not been resolved. Therefore, the defendant argues, Labor must first inquire into whether sugar blends are directly competitive with refined sugar before proceeding to any investigation of whether imports of these blends contributed importantly to the separation of the Amstar workers from their employment at the Bunker Hill Refinery.

## DISCUSSION

The findings of fact made by the Secretary of Labor in a worker adjustment assistance case are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b) (1982 & Supp. IV 1986). However, this Court may, for good cause, remand the case to the Secretary to take further evidence, and during this reinvestigation the Secretary may make new or modified findings of fact and may modify the previous determination. *Id.*

Both parties to the present case agree upon the need for a remand for further investigation of plaintiff's petition in light of information available on sugar blends and substitutes. Their disagreement is over the character of the remand order.

Given the evidence presented to the Court in the parties' motions, especially the GAO report, it is apparent that an examination of sugar blends and substitutes must be included in the re-evaluation of plaintiffs petition on remand. Whether the evaluation begins with the question of the effects of imports on Amstar, as presumably it will with regard to sugar substitutes, or with the question of whether or not a product is like or competitive with the refined sugar produced by the Bunker Hill facility, as presumably it will with regard to sugar blends, it seems clear that the "substantial evidence" test requires that attention be given to, and conclusions reached concerning, the roles of both blends and substitutes in the separations from employment of the workers whose case is presented here.

The Court is confident that the Labor Department, which agrees on the appropriateness of a remand, will take into account all relevant evidence including specifically the relevant June 1988 GAO Report. Accordingly, this matter is remanded to the Department of Labor in order to conduct a further investigation and make a determination upon remand concerning certification of eligibility to apply for adjustment assistance for former workers at Amstar Sugar Corporation's Bunker Hill Refinery in Charlestown, Massachusetts.